**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4204

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JOHN A. BRYANT,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.   (3:09-cr-00347-REP-1)

Submitted:  September 15, 2011        Decided:  October 3, 2011

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Rebecca S. Colaw, Natalie C. Martin, Suffolk, Virginia, for Appellant.   Olivia L. Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John A. Bryant appeals his conviction and 169-month sentence, following his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, Bryant's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether trial counsel rendered ineffective assistance of counsel. Bryant filed a pro se supplemental brief claiming that he did not knowingly and intelligently waive his right to appeal, that he received ineffective assistance of counsel, and that he was entitled to a lesser sentence pursuant to the Fair Sentencing Act of 2010 ("FSA"). The Government has filed a motion to dismiss the appeal on the basis of the appellate waiver provision in Bryant's plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo, and we will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant's agreement to the waiver was knowing

and intelligent.  Id. at 169.  To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).  Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, and the record indicates that the defendant understood the significance of the waiver and was not denied effective assistance of counsel, the waiver is valid.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

A review of the plea colloquy before a magistrate judge confirms that Bryant knowingly and intelligently waived his right to appeal.  In his plea agreement, Bryant explicitly waived the right to challenge his conviction and a sentence imposed within the statutory maximum on any grounds whatever. Bryant confirmed at the Rule 11 hearing that he read and understood the plea agreement.  The magistrate judge conducted the colloquy required under Rule 11, ensuring that Bryant understood the charges and potential penalties and that Bryant was competent to enter the plea.  Contrary to Bryant's assertion, neither the magistrate judge nor the district court

3

informed him that he had a right to appeal. We therefore conclude that Bryant knowingly and intelligently waived the right to challenge on appeal his sentence and the validity of his guilty plea. Accordingly, we grant the motion to dismiss as to Bryant's challenges to his sentence and guilty plea.

However broad, the waiver provision did not waive Bryant's right to appeal certain claims, including challenges to a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor, or counsel's ineffective assistance. See Johnson, 410 F.3d at 151. We have reviewed the record pursuant to Anders and conclude that Bryant was sentenced within the statutory maximum and there is no evidence that his sentence was based on a constitutionally impermissible factor. Further, because ineffective assistance of counsel does not appear conclusively on the record, Bryant's claims that trial counsel rendered ineffective assistance in failing to adequately advise him regarding his guilty plea, gather discovery, and timely file a notice of appeal are not cognizable on direct appeal. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Accordingly, although we deny the Government's motion to dismiss as to Bryant's claims of ineffective assistance of counsel, we affirm his conviction.

In sum, the Government's motion to dismiss is granted in part and denied in part, Bryant's appeal of his sentence and

4

guilty plea is dismissed, and his conviction is affirmed. This court requires that counsel inform Bryant, in writing, of his right to petition the Supreme Court of the United States for further review. If Bryant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bryant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART